IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEVITATION ARTS, INC.,<br><br>                                 Plaintiff,<br><br>     v.<br><br>BKST BRAND MANAGEMENT LLC,<br>BKST BSA GROUP LLC, and BKST<br>BRAND HOLDINGS LLC,<br><br>                                 Defendants. | Civil Action No.  1:23-cv-04865<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Levitation Arts, Inc. ("Levitation Arts"), by and through its counsel, complains of Defendants, BKST Brand Management LLC, BKST BSA Group LLC, and BKST Brand Holdings LLC (collectively, "Brookstone"), as follows:

**NATURE OF THE ACTION**

1. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and is brought by Levitation Arts against Brookstone for Brookstone's infringement of U.S. Patent No. 7,505,243 ("the '243 patent").

**THE PARTIES**

2. Levitation Arts is a corporation organized under the laws of the State of Illinois with a place of business at 8710 Wooded Trail Ct., Louisville, Kentucky 40220. Levitation Arts is in the business of, among other things, the design, marketing, sale, and support of magnetic levitation products embodying technology claimed in the '243 patent-in-suit.

1

3. Defendant BKST Brand Management LLC is a limited liability company organized under the laws of the State of New York with a place of business at 240 Madison Avenue, 15th Floor, New York, New York 10016.

4. Defendant BKST BSA Group LLC is a limited liability company organized under the laws of the State of New York with a place of business at 240 Madison Avenue, 15th Floor, New York, New York 10016.

5. Defendant BKST Brand Holdings LLC is a limited liability company organized under the laws of the State of New York with a place of business at 240 Madison Avenue, 15th Floor, New York, New York 10016.

6. Brookstone is in the business of, among other things, the marketing and sale of consumer electronics, including but not limited to Brookstone's levitating products accused of infringing the '243 patent.

**JURISDICTION AND VENUE**

7. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

8. The Court has personal jurisdiction over Brookstone because Brookstone has, as discussed in greater detail below, committed acts of patent infringement in this judicial district.

9. Brookstone has a regular and established place of business in this judicial district at least at the following location: Terminal 5 of Chicago O'Hare International Airport, 10000 W. Balmoral Avenue, Chicago, Illinois 60666.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). *See, e.g., TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017); *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017).

**THE PATENT-IN-SUIT**

11. The United States Patent and Trademark Office ("USPTO") duly and legally issued the '243 patent on March 17, 2009. The '243 patent is entitled "Magnetic Levitation Apparatus." Levitation Arts owns, is the assignee of, and has standing to sue for infringement of the '243 patent. A copy of the '243 patent is attached as Exhibit A. A copy of the written instrument assigning rights in and to the '243 patent to Levitation Arts has been recorded in the USPTO. The '243 patent claims priority to U.S. provisional patent application No. 60/413,881 that was filed on September 27, 2002.

12. Reexamination of the '243 patent was requested on February 28, 2011. On October 4, 2011, the USPTO reaffirmed the validity of all the claims of the '243 patent. A copy of the reexamination certificate for the '243 patent is attached as Exhibit B.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,505,243**

13. Levitation Arts repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

14. Brookstone has infringed and continues to infringe the '243 patent by, at least, offering for sale and, on information and belief, importing into and selling throughout the United States, including within this judicial district, its Levitating Lamp (the "Levitating Lamp") which, according to information published on Brookstone's website, "us[es] magnetic levitation technology" and is a "3D-printed LED lamp [that] floats and spins all on its own above the included base just like its celestial counterpart." (*See, e.g.*, Brookstone's Levitating Lamp – Moon (https://www.brookstone.com/products/levitating-lamp-moon).)

15. Brookstone offers for sale on its website and elsewhere at least the following models of the Levitating Lamp:

| Name | URL | Image |
|---|---|---|
| Levitating Lamp – Moon | https://www.brookstone.com/collections/search/products/levitating-lamp-moon | |
| Levitating Lamp – Mars | https://www.brookstone.com/collections/search/products/levitating-lamp-mars | |
| Levitating Lamp – Earth | https://www.brookstone.com/collections/search/products/levitating-lamp-earth | |
| Levitating Lamp – Saturn | https://www.brookstone.com/collections/search/products/levitating-lamp-saturn | |
| Levitating Lamp – Jupiter | https://www.brookstone.com/collections/search/products/levitating-lamp-jupiter | |

16. Brookstone has also infringed and continues to infringe the '243 patent by, at least, offering for sale and, on information and belief, importing into and selling throughout the United States, including within this judicial district, its Levitatepro Levitating Planter (the "Levitatepro Levitating Planter") which, according to information published on Brookstone's website, is a "design of magnetic technology" and "levitation science" that "rotates in a 360-degree spin while levitating in mid-air. The Levitatepro [Levitating Planter] is power[ed] by a touch sensor and uses the force of hidden magnets to keep the plant rotating continuously." (*See, e.g.*, https://www.brookstone.com/products/levitate-pro-floating-pot.)

17. On information and belief, all models of the Levitating Lamp and the Levitatepro Levitating Planter (collectively, the "Accused Products") infringe the '243 patent.

18. Brookstone has infringed and continues to infringe at least claims 16, 17, 19, 20, 21, 22, 23, 24, and 25 of the '243 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, offering for sale and, on information and belief, importing into and selling the Accused Products throughout the United States. The Accused Products contain each and every element of at least claims 16, 17, 19, 20, 21, 22, 23, 24, and 25 of the '243 patent, both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

19. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules ("LPR") (*see, e.g.,* LPR 2.2, 3.1), the Accused Products infringe claim 16 as follows:

    a. The Accused Products are apparatuses for levitating a magnetic element. Specifically, the Accused Products include a base over which a product "floats and spins all on its own above the included base. . . ." (*See, e.g.,* https://www.brookstone.com/products/levitating-lamp-moon.)



b. The Accused Products have a ring magnet within the base, which ring magnet is disposed in a plane having longitudinal and latitudinal axes.



c. The ring magnet located within the base of the Accused Products is a permanent magnet that creates a static magnetic field.

d. The static magnetic field created by the ring magnet exists at an equilibrium location along the vertical axis of symmetry above the ring magnet and further has a substantially minimized magnetic field gradient in a direction orthogonal – or at a right angle – to the plane in which the ring magnet is disposed.

e. The Accused Products have a position sensor system located within the base, which position sensor system generates a signal indicative of the location of the magnetically-levitated product relative to the equilibrium location.



  f.  The Accused Products have four electromagnets located within the base, which electromagnets are connected to the position sensor that generate a control magnetic field to control motion of the magnetically-levitated product relative to the equilibrium location.



  g.  The Accused Products have a controller located within the base, which controller is connected to the position sensor system and the electromagnets, receives signals from the position sensor system, and controls the electromagnets in response to such signals.

20. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.,* LPR 2.2, 3.1), the Accused Products infringe claim 17 as follows:

  a.  Levitation Arts repeats and re-alleges the allegations in the preceding paragraphs and subparagraphs as though fully set forth herein.

  b.  The ring magnet located within the base of the Accused Products is a unitary ring magnet.



21. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.,* LPR 2.2, 3.1), the Accused Products infringe claim 19 as follows:

    a. Levitation Arts repeats and re-alleges the allegations in the preceding paragraphs and subparagraphs as though fully set forth herein.

    b. The four electromagnets located within the base of the Accused Products comprise are disposed in a substantially common plane with the ring magnet.



22. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed

initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.,* LPR 2.2, 3.1), the Accused Products infringe claim 20 as follows:

    a.    Levitation Arts repeats and re-alleges the allegations in the preceding paragraphs and subparagraphs as though fully set forth herein.

    b.    The four electromagnets located within the base of the Accused Products are constructed of coils of wound copper.



23. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.,* LPR 2.2, 3.1), the Accused Products infringe claim 21 as follows:

    a.    Levitation Arts repeats and re-alleges the allegations in the preceding paragraphs and subparagraphs as though fully set forth herein.

    b.    The four electromagnets located within the base of the Accused Products are disposed within the ring magnet.



24. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.,* LPR 2.2, 3.1), the Accused Products infringe claim 22 as follows:

    a.    Levitation Arts repeats and re-alleges the allegations in the preceding paragraphs and subparagraphs as though fully set forth herein.

    b.    There are four electromagnets located within the base of the Accused Products, which electromagnets are disposed in a substantially common plane with one another and the ring magnet.



25. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed

initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.,* LPR 2.2, 3.1), the Accused Products infringe claim 23 as follows:

    a.    Levitation Arts repeats and re-alleges the allegations in the preceding paragraphs and subparagraphs as though fully set forth herein.

    b.    There are four electromagnets located within the base of the Accused Products.



26.    Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.,* LPR 2.2, 3.1), the Accused Products infringe claim 24 as follows:

    a.    Levitation Arts repeats and re-alleges the allegations in the preceding paragraphs and subparagraphs as though fully set forth herein.

    b.    The four electromagnets located within the base of the Accused Products are disposed within the ring magnet.

27.    Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Levitation Arts will make pursuant to this district's Local Patent Rules (*see, e.g.,* LPR 2.2, 3.1), the Accused Products infringe claim 25 as follows:

a. The Accused Products are apparatuses for levitating a magnetic element. Specifically, the Accused Products include a base over which a product "floats and spins all on its own above the included base. . . ." (*See, e.g.,* https://www.brookstone.com/products/levitating-lamp-moon.)



b. The Accused Products have a ring magnet within the base, which ring magnet is disposed in a plane having longitudinal and latitudinal axes.



c. The ring magnet located within the base of the Accused Products is a permanent magnet that creates a static magnetic field.

d. The static magnetic field created by the ring magnet exists at an equilibrium location along the vertical axis of symmetry above the ring magnet and

12

further has a substantially magnetic field gradient in a direction orthogonal – or at a right angle – to the plane in which the ring magnet is disposed.

e. The Accused Products have a position sensor system located within the base, which position sensor system generates a signal indicative of the location of the magnetically-levitated product relative to the equilibrium location.



f. The Accused Products have four electromagnets located within the base, which electromagnets are disposed within the ring magnet in a substantially common plane with one another and the ring magnet, and which generate a control magnetic field to control motion of the magnetically-levitated product relative to the equilibrium location.



    g.    The Accused Products have a controller located within the base, which controller is connected to the position sensor system and at least two of the four electromagnets, receives signals from the position sensor system, and controls at least two of the four electromagnets in response to such signals.

28.    Levitation Arts has complied with 35 U.S.C. § 287 to the extent required by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Levitation Arts respectfully asks this Court to enter judgment against Brookstone, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with Brookstone, granting the following relief:

    A.    The entry of judgment in favor of Levitation Arts and against Brookstone;

    B.    An award of damages adequate to compensate Levitation Arts for the infringement that has occurred, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment and post-judgment interest; and

    C.    Such other relief that Levitation Arts is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

## Jury Demand

Levitation Arts demands a trial by jury on all issues presented in this Complaint.

    Respectfully submitted,

Dated: July 26, 2023        */s/ DRAFT*
    Matthew G. McAndrews
    Kyle D. Wallenberg
    NIRO McANDREWS, LLP
    21660 West Field Parkway, Suite 118
    Deer Park, Illinois 60010
    (312) 755-8577

        MMcAndrews@niro-mcandrews.com
        KWallenberg@niro-mcandrews.com

*Attorneys for Plaintiff,*
Levitation Arts, Inc.